# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARIO M. THOMAS,**
**DOC # M68634,**

    **Plaintiff,**

**vs.**                                               **Case No. 4:24cv162-MW-MAF**

**JAMES W. MILLER,**

    **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed by a pro se Plaintiff. ECF No. 1. The operative pleading is Plaintiff's First Amended Complaint, ECF No. 19, alleging that the Defendant violated Plaintiff's Eighth Amendment rights on November 6, 2023, by failing to protect him from another inmate.

Defendant filed a motion to dismiss the amended complaint. ECF No. 37. Defendant argues that Plaintiff failed to exhaust all available administrative remedies and failed to disclose his litigation history. *Id.* Plaintiff was directed to file a response to that motion by May 2, 2025. ECF No. 38. Plaintiff has responded, ECF Nos. 44 and 49, and the motion is ready for a ruling.

**Standard of Review**

"Before a prisoner may bring a prison-conditions suit under § 1983, the Prison Litigation Reform Act of 1995 [PLRA] requires that he exhaust all available administrative remedies." Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1208 (11th Cir. 2015) (citing 42 U.S.C. § 1997e(a) and Booth v. Churner, 532 U.S. 731, 736, 121 S. Ct. 1819, 1822, 149 L. Ed. 2d 958 (2001)). The issue of exhaustion under the PLRA is "treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). That means, it is a preliminary consideration or "a precondition to an adjudication on the merits," and is not jurisdictional. Bryant, 530 F.3d at 1374.

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530

F.3d at 1373-74). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373-74, 1376). The burden of proof for evaluating an exhaustion defense rests with the Defendant. Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007) (concluding "that failure to exhaust is an affirmative defense under the PLRA, and" inmates do not have "to specially plead or demonstrate exhaustion in their complaints").

Factual disputes concerning exhaustion may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376. When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs, and that Rule "permits courts to hear evidence outside of the record on affidavits submitted by the parties." *Id.* at 1377, n.16. Further, a credibility finding may be made after review of the relevant documentary evidence. *Id.*

**Exhaustion**

In enacting the Prison Litigation Reform Act, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Bryant, 530 F.3d at 1374 n.10. Courts lack discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000).

A prisoner must comply with the process set forth and established by the State's grievance procedures. *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Thus, § 1997e(a) of the PLRA requires "proper

exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218, 127 S. Ct. 910 (quoted in Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1217-18 (11th Cir. 2010)).

The Department of Corrections has a grievance procedure. FLA. ADMIN. CODE R. 33-103. Inmates are required to first submit an informal grievance at the institutional level. FLA. ADMIN. CODE R. 33-103.005. If the informal grievance is denied, inmates must submit a formal grievance to the warden's office. FLA. ADMIN. CODE R. 33-103.006. If that is denied, or the inmate is not satisfied with the response, he may submit a grievance appeal to the Office of the Secretary. FLA. ADMIN. CODE R. 33-103.007. Inmates must generally comply with all three steps of the grievance process to exhaust administrative remedies.

The Rules do, however, provide a few exceptions.

> Emergency grievances and grievances of reprisals, protective management, admissible reading material, grievances concerning sentence structure (release date calculations),

inmate banking issues or sexual abuse grievances when the abuse is alleged to have been committed by the Warden of the institution where the inmate is currently housed may be filed directly with the Office of the Secretary using the Request for Administrative Remedy or Appeal, Form DC1-303.

FLA. ADMIN. CODE R. 33-103.007(3)(a). Such a grievance must be reviewed, but "if it is determined that the grievance is not an emergency grievance, a grievance of reprisal, protective management, admissible reading material, sentence structure (release date calculations), inmate banking issues, or a grievance alleging a violation of HIPAA, the grievance shall be returned to the inmate with the reasons for return specified advising the inmate to resubmit his or her grievance at the appropriate level." FLA. ADMIN. CODE R. 33-103.0073(d).

Defendant's evidence showed that "the only relevant grievance that Plaintiff submitted was a direct grievance appeal,[1] log # 24-6-10761, and it was returned without action." ECF No. 37 at 6; *see also* ECF No. 37-2 at 14. Defendant acknowledges that the response to that grievance informed

---

[1] It does not appear that Plaintiff filed a "direct" grievance. See ECF No. 37-2 at 14. Plaintiff did not state at the beginning of his grievance that he was skipping steps of the grievance process as required by Rule 33-103.007(3)(a)1. Moreover, Plaintiff claimed within the grievance that he had submitted an informal grievance and a grievance to the warden, but did not get a response. ECF No. 37-2 at 14. It would appear that Plaintiff's statement was accepted as true as his grievance was not rejected for having failed to take the necessary preliminary steps. *Id.* at 13.

Page 7 of 11

Plaintiff that the matter would be "referred to the Inspector General's Office for appropriate action." *See* ECF No. 37-2 at 13. However, Defendant points out that "the response did not give Plaintiff a final determination on the merits." *Id.* at 6-7; *see also* ECF No. 37-2 at 13. Rather, Plaintiff was advised that he could resubmit his grievance at his current location if he was "within the allowable time frames for" doing so. ECF No. 37-2 at 13. Grievance 24-6-10761 concluded[2] by stating that Plaintiff's "appeal [was] returned without action." A grievance that is "returned without action" is insufficient to show proper exhaustion.

Plaintiff's response to the motion to dismiss asserted that he had "exhausted 'available' administrative remedies" and Plaintiff said that inmates did not need to take further action after having a grievance "approved." ECF No. 44 at 2, 6-8. While Plaintiff made general assertions of exhaustion, the only specific statement made was that Plaintiff had a grievance "approved and reported to the Office of the Inspector General," which was - according to Plaintiff - "all that's required" for exhaustion. *Id.* at 9.

---

[2] The response also advised Plaintiff of several deficiencies with his appeal - grieving more than one issue and improperly requesting monetary compensation. *See* ECF No. 37-2 at 13.

Plaintiff did not, however, provide the Court with a copy of his approved grievances,[3] nor did Plaintiff specifically state when the grievances were submitted. Therefore, because Plaintiff *suggested* that he had submitted a grievance which was "approved," Plaintiff was provided an opportunity to substantiate his contention.[4] ECF No. 45. Plaintiff was directed to submit a copy of the grievance which he contends was "approved" to demonstrate that he exhausted administrative remedies. *Id.*

Plaintiff responded, ECF No. 49, but he provided argument only. Plaintiff claimed that "all the grievance appeals has [sic] been denied," but Plaintiff did not provide copies of any "grievance appeal." *Id.* at 1. Indeed, Plaintiff's assertion in his second response, ECF No. 49, contradicts his first response, ECF No. 44, because there he claimed to have "exhausted *'informal'* grievances remedies . . . ." ECF No. 44 at 9 (emphasis added). His first response said only that he had filed "two informal grievances," and Plaintiff did not claim to have filed a grievance appeal. An informal

---

[3] Plaintiff's response says he filed "two informal grievances that were approved and forwarded to the Office of the Inspector General" for review and investigation. ECF No. 44 at 9.

[4] At another point in his response, Plaintiff indicated his "initial two informal grievances . . . were approved and forwarded to the Office of the Inspector General for review . . . ." ECF No. 44 at 9.

Case No. 4:24cv162-MW-MAF

grievance is the first step in the process and a grievance appeal is the third step; they are different.

The Court has reviewed the copies of grievances submitted by the Defendant. Plaintiff submitted an informal grievance about a disciplinary report he received on November 6, 2023. Ex. B (ECF No. 37-1 at 7). It did not assert, however, that the Defendant failed to protect him. *Id.* At any rate, the grievance was "returned" and was not approved. That grievance does not show exhaustion.

Similarly, Plaintiff submitted two formal grievances to the warden about the disciplinary report. ECF No. 37-1 at 10, 12. Both of those grievances were "denied." *Id.* at 9, 11. Yet even if the grievances were granted, Plaintiff only complained about the results of the disciplinary report. Plaintiff did not raised the claim he presented in this case - that the Defendant failed to protect him. *Id.* at 10, 12. Thus, neither grievance shows exhaustion.

Plaintiff then filed three grievance appeals to the Secretary's Office. ECF No. 37-2 at 6-7, 10 (log # 23-6-39142, log # 2311-211-044, and log # 23-6-39131). Plaintiff complained about errors in "the decision of the DR

Committe[e]," but he never claimed that Defendant Miller failed to protect him. *Id.* All three appeals were denied. *Id.* at 5, 8, and 9.

As Defendant has correctly argued, the only evidence that Plaintiff complained about Defendant Miller's conduct was in grievance appeal 24-6-10761. It was received and accepted in the Secretary's Office, but it was neither denied or approved. ECF No. 37-2 at 13. It was "returned without action" and, therefore, does not show exhaustion. Accordingly, Defendant's motion to dismiss, ECF No. 37, should be granted. In light thereof, there is no need to address Defendant's argument that Plaintiff failed to honestly disclose his litigation history.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 37, be **GRANTED** and Plaintiff's amended complaint be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Tallahassee, Florida, on August 13, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv162-MW-MAF